**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| ALISON M. GILBERTSON, | Civil No. 05-2644 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| HAIR CLUB FOR MEN, LLC, | |
| Defendant. | |

Robert M. Gardner, **GARDNER LAW OFFICE**, 12226 Nicollet Avenue South, Burnsville, MN 55337, for plaintiff.

M. Emily Osborne, **MORGAN, LEWIS & BOCKIUS, LLP**, 77 West Wacker Drive, 5th Floor, Chicago, IL 60601, for defendant.

Plaintiff Alison M. Gilbertson, who brings this lawsuit against defendant Hair Club for Men for its alleged illegal electronic surveillance of plaintiff, filed a motion to compel discovery responses. United States Magistrate Judge Franklin Noel heard oral argument on the motion to compel on March 20, 2006. Defendant filed a motion to supplement the record in connection with the motion to compel on March 28, 2006. In an order dated March 29, 2006, the Magistrate Judge granted in part and denied in part plaintiff's motion to compel discovery responses. Specifically, and as is relevant to this appeal, the order compelled responses to plaintiff's Interrogatory No. 3, to the extent the motion seeks the identities of clients who met with plaintiff during the period of May 1,

1995 to the present.[1]  In addition, this order (and an order dated April 11, 2006) denied defendant's motion to supplement the record.  Defendant timely filed an appeal from the Magistrate Judge's orders.[2]  For the following reasons, this Court denies defendant's appeal.

## ANALYSIS

### I. Standard of Review

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### II. Plaintiff's Motion to Compel Responses To Interrogatory No. 3

Defendant argues that the Magistrate Judge's order compelling responses to plaintiff's Interrogatory No. 3 was in error.  The order requires defendant to provide plaintiff the names and addresses of all clients who met with plaintiff.  Defendant contends that it was clearly erroneous or contrary to law for the Magistrate Judge to order the production of this information because 1) the disclosure of the identities of

---

[1] Defendant did not appeal the remainder of the order granting plaintiff's motion to compel discovery with respect to Document Request Nos. 6 and 9.  Plaintiff's motion was denied in all other respects.

[2] Plaintiff argues that defendant failed to file its objections within 10 days, as required by the Rules.  *See* LR 72.2; *see also* Fed. R. Civ. P. 72(a).  Plaintiff's argument fails to consider that weekends and holidays are excluded in this calculation.  *See* Fed. R. Civ. P. 6(a).

defendant's clients will invade their privacy and harm defendant's goodwill with them; and 2) the information is not relevant to the case, nor reasonably calculated to lead to the discovery of admissible evidence.

First, defendant argues that the Magistrate Judge failed to consider the privacy rights at stake. Defendant explains that confidentiality is one of the cornerstones of its business, and expresses concern that disclosure of the names and addresses of its clients will invade its clients' privacy and erode defendant's reputation for confidentiality. The Court concludes that the Magistrate Judge's order is not clearly erroneous on this basis. Defendant may address these privacy concerns by seeking a protective order to limit plaintiff's use of the information.

Second, defendant argues that the information sought is not relevant. Relevancy in the discovery context is extremely broad, and a court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action. *Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992). In light of the deference accorded to orders of the Magistrate Judge and the broad, liberal interpretation granted to discovery rules, this Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law on this basis. Plaintiff explains that she needs the information to refute defendant's assertion that its allegedly illegal conduct was necessary to address plaintiff's purported substandard sales performance. These clients can explain whether plaintiff's performance played any role in their decisions to purchase or not purchase Hair Club products.

### III.   Defendant's Motion To Supplement The Record

Defendant argues that the Magistrate Judge's order denying its motion to supplement the record was in error. Defendant asserts, and plaintiff does not deny, that plaintiff failed to meet and confer prior to moving to compel. Because plaintiff did not meet and confer, defendant asserts that it moved to supplement the record with its offers of alternatives proposed to plaintiff, so that the Magistrate Judge would have "a complete picture and understanding" of why granting the motion to compel was not warranted. In its appeal of the Magistrate Order, defendant has articulated the offers of alternatives proposed to plaintiff. Because the Court concludes that granting the motion to compel was not clearly erroneous, it also denies defendant's motion to supplement the record.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's appeal of magistrate judge decision [Docket No. 47] is **DENIED** and the Magistrate Judge's March 29, 2006 and April 11, 2006 Orders [Docket Nos. 43 and 46] are **AFFIRMED.**


DATED:    June 22, 2006                                  s/ John R. Tunheim
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                      United States District Judge